UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN M. CASEY,

           Petitioner,

vs.                              Case No.   2:12-cv-21-FtM-29DNF

MIKE SCOTT,

           Respondent.
_____

**ORDER OF DISMISSAL**

**I.**

This matter comes before the Court upon review of Petitioner Brain M. Casey's *pro se* Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241 (Doc. #1, Petition) on January 13, 2012. Petitioner paid the $5.00 filing fee on February 15, 2012. Petitioner, who is a pretrial detainee confined in the Lee County Jail, challenges the "State court process" in connection with his criminal case (case number 2010-CF-019[7]24), which is pending in the Twentieth Judicial Circuit Court, Lee County, Florida.[1] Petition at 1.

---

[1] Petitioner is charged with violating Florida Statute sections 782.04(2); 775.087(1)a, (2)a, and (3), and 806.01(1), 2nd degree murder without premeditation, discharge of firearm, and arson in the 1st degree of a dwelling or building with people present. Petitioner's trial is currently scheduled to start on February 27, 2012.

The Petition identifies the following four grounds and facts in support of relief:

> Ground One:
> I have been denied a Sixth Amendment right to self-representation with a fair and speedy trial with competent reliable evidence and the compulsory process.
>
> Supporting Facts:
> A circuit judge would not allow self-representation or hear *pro se* motion properly filed while striking demands for a speedy trial.
>
> Ground Two:
> I have been denied the Fifth and Fourteenth Amendments.
>
> Supporting Facts:
> A circuit judge disregarded criminal process procedure. A State attorney altered transcripts and discovery videos, access to the U.S. Mail.
>
> Ground Three:
> I have been denied the First Amendment.
>
> Supporting Facts:
> A circuit judge would not allow me to open motions in court or speak.
>
> Ground Four:
> I am being held in violation of the Eighth Amendment.
>
> Supporting Facts:
> I have been locked in a cell for over a year and denied access to discovery while the State alters discovery and the Sheriff's Office plants evidence.

See generally Petition.

**II.**

Upon review of the Petition and taking judicial notice of Petitioner's underlying State court criminal docket, the Court finds that dismissal of the Petition is warranted. Petitioner's State criminal proceedings remain pending before the Twentieth

Judicial Circuit Court, Lee County, Florida. Under Younger v. Harris, 401 U.S. 37 (1971), and its progeny, a federal court is required to abstain from enjoining state judicial proceedings absent extraordinary circumstances. Younger, 401 U.S. at 41; Green v. Jefferson County Com'n, 563 F.3d 1243, 1250 (11th Cir. 2009). In particular, a federal court must refrain from deciding the merits of a case if: (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).

The relevant inquiry in assessing the Middlesex factors is "whether the federal proceeding will interfere with an ongoing state court proceeding. If there is no interference, then abstention is not required." 31 Foster Children v. Bush, 329 F.3d 1255, 1276 (11th Cir. 2003). To determine whether the federal proceeding would interfere with the pending state proceeding, the courts look at the relief requested and whether granting the requested relief would have any effect on the state proceeding. Id.

Petitioner does not identify the type of relief he seeks in his Petition. See generally Petition. Nonetheless, Petitioner's pending State criminal proceedings would be impermissibly disrupted

if the Court granted Petitioner release, or if the Court intruded into the State court proceedings by granting any form of injunctive relief. This case plainly involves an important state interest, namely, the prosecution of an individual for the violation of Florida's criminal statutes. Further, Petitioner acknowledges that Florida permits him an opportunity to vindicate his constitutional rights by filing a State habeas action during the pendency of his State criminal proceedings. Indeed, the State docket reflects that Petitioner has filed numerous *pro se* motions in the trial court as well as applications for relief in the State's appellate and supreme courts. The fact that Petitioner's claims were not successful on the merits at the State court level is not material. See <u>Pompey v. Broward County</u>, 95 F.3d 1543, 1551 (11th Cir. 1996)(noting that "for abstention purposes, whether a claim would likely be successful on the merits in the state court is not what matters . . . [but rather] whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts").

Further, the Court finds that the record is devoid of any evidence to warrant an exception to the <u>Younger</u> doctrine in the present case. Only upon the following findings may a court interfere with ongoing criminal proceedings: (1) there is "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and

patently violative of the federal constitution; (3) there is a showing of bad fait or harassment; or (4) other unusual circumstances call for equitable relief. Mitchum v. Foster, 407 U.S. 225, 230 (1972)(citing Younger, 401 U.S. at 46-54); Hughes v. Attorney General of Fla., 377 F.3d 1258, 1263 (11th Cir. 2004); News Journal v. Foxman, 939 F.2d 1499, 1507-09 (11th Cir. 1991).

Here Petitioner alleges that the State attorney is altering transcripts and videos and officers from the Sheriff's department are planting evidence. "Under Younger, intervention cannot be predicated on mere allegations; rather, the federal plaintiff must prove bad faith or harassment before intervention is warranted." Phelps v. Hamilton, 59 F.3d 1058, 1066 (10th Cir. 1995). Petitioner offers only conclusory allegations but fails to offer "a 'substantial allegation' showing actual bad faith." Hudson v. Hubbard, 358 F. App'x 116, 118 (11th Cir. 2009)(footnote omitted). See also Juidice v. Vail, 430 U.S. 327, 338 (1977)(holding that bad faith harassment exception in Younger "may not be utilized unless it is alleged and proved that [the prosecutors] are enforcing the contempt procedures in bad faith or are motivated by a desire to harass"). Further, the "Sixth Amendment right to a speedy trial is not a per se 'special circumstance.'" Pannell v. Prentiss County, 2010 WL 481017 (N.D. Miss. 2010)(citing Dickerson v. State, 816 F.2d 220, 227 (5th Cir. 1987)). Because Petitioner has not shown

any circumstances to warrant this Court's involvement into his State criminal proceeding, the Court will dismiss this case.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Petitioner's Petition for the Writ of Habeas Corpus (Doc. #1) is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall: (1) terminate any pending motions; (2) enter judgment accordingly; and (3) close this file.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 129 S. Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this __16th__ day of February, 2012.

                                          JOHN E. STEELE
                                          United States District Judge

SA: hmk
Copies: All Parties of Record